IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JAMES E. JOHNSTON, #76825,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| vs. | ) CIVIL NO. 12-cv-830-GPM |
| | ) |
| **ROGER MULCH, CISSY BROWN and** | ) |
| **DR. PARKS,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**MURPHY, District Judge:**

Plaintiff Johnston, currently housed at Taylorville Correctional Center in the Central District of Illinois, brings this *pro se* civil rights action pursuant to 42 U.S.C. § 1983 against Defendants Mulch, Sheriff of Jefferson County Jail (Jefferson), Cissy Brown, Jefferson nurse, Dr. Parks, Jefferson physician, for alleged Eighth Amendment violations occurring at that facility. Jefferson is located in the Southern District of Illinois. Specifically, Plaintiff, who has abnormally low blood sugar levels, states that, for an unspecified period and at an unknown date during his incarceration at Jefferson, he did not receive adequate blood sugar monitoring or extra allotments of food to stabilize his blood sugar. Plaintiff claims this was a dangerous medical condition and his treatment at Jefferson constitutes deliberate indifference to a medical need.

Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. Accepting Plaintiff's allegations as true, the Court finds that Plaintiff has failed to articulate a colorable federal cause of action against Defendants for deliberate indifference to medical needs.

> In order to state a claim of cruel and unusual punishment under the Eighth Amendment, a prisoner must allege "'acts and omissions sufficiently harmful to evidence deliberate indifference to serious medical needs,'" *Benson v. Cady*, 761 F.2d 335, 340 (7th Cir. 1985), *quoting Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 292, 50 L.Ed.2d 251 (1976). "[T]he infliction of suffering on prisoners can be found to violate the Eighth Amendment only if that infliction is either deliberate, or reckless in the criminal law sense." *Duckworth [v. Franzen]*, 780 F.2d [645,] 652-53 [(7th Cir. 1985), *cert. denied*, 107 S.Ct. 71 (1986)]. Negligence, gross negligence, or even "recklessness" as that term is used in tort cases, is not enough. *Id.* at 653.

*Shockley v. Jones*, 823 F.2d 1068, 1072 (7th Cir. 1987).

Plaintiff has failed to state facts indicating a serious medical condition. Plaintiff does not indicate that he even suffered from any symptoms of any medical condition while at Jefferson. Even if the court construed his assertions as such, Plaintiff does show that any individual's failure to give him additional blood sugar monitoring or additional food was a deliberate effort by defendants to inflict pain upon him. Defendant has not pleaded facts indicating that any defendant violated his Eighth Amendment protections. Accordingly, these claims shall be dismissed.

Plaintiff seeks to have his illness addressed as well as compensatory damages. "[W]hen a prisoner who seeks injunctive relief for a condition specific to a particular prison is transferred out of that prison, the need for relief, and hence the prisoner's claim, become moot." *Lehn v. Holmes*, 364 F.3d 862, 871 (7th Cir. 2004). *See also Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1995).

Plaintiff's claims against all Defendants for deliberate indifference to a serious medical need fails to state a claim upon which relief can be granted and will be **DISMISSED** from this action with prejudice. Defendants **MULCH, BROWN and PARKS** shall be dismissed with prejudice.

Plaintiff is advised that the dismissal of this action will count as one of his three allotted "strikes" under the provisions of **28 U.S.C. § 1915(g)**.

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE.**

**IT IS SO ORDERED.**

DATED**:** September 19, 2012

                                                **/s/ G. PATRICK MURPHY**
                                                G. PATRICK MURPHY
                                                United States District Judge